# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONTE JONES,<br><br>    Plaintiff,<br><br>v.<br><br>VERTIV CORPORATION,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Donte Jones ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Vertiv Corporation (hereinafter "Defendant" or "Vertiv"), showing the following:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count 1 of this Complaint, which arises out of the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts II and III of this Complaint, which arise out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts IV and V of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

4. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

5. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

7. Plaintiff is a resident of Forsyth County in the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

8. Defendant is a foreign for-profit corporation registered to conduct business in the State of Georgia.

9. The majority of the events plead herein occurred at the work site of 6779 Meadow Lane, Alpharetta, Georgia 30005.

10. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046.

11. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. FACTUAL ALLEGATIONS

12. Defendant is now, and at all times relevant hereto, an employer subject to the ADA, the FMLA, and Title VII.

13. Plaintiff is African American.

14. Plaintiff began working for Defendant as a District Operations Coordinator ("DOC") in July 2012 through a third-party.

15. Plaintiff became employed directly with Defendant as a DOC in June 2014.

16. During his employment, Plaintiff was the only African American DOC.

17. Plaintiff had a positive performance history prior to the events giving rise to this action.

18. In April 2019, Plaintiff was involved in a car accident which resulted in injuries necessitating twelve (12) weeks of medical leave under the FMLA.

19. Plaintiff applied for and was approved for FMLA.

20. On Plaintiff's first day back at work with Defendant following his 2019 medical leave, Defendant employee, Ms. Tammy Lovett, expressed concerns about Plaintiff's ability to perform the duties of his position.

21. In January 2020, Ms. Lovett became Plaintiff's direct supervisor.

22. On April 28, 2020, Plaintiff was struck by a vehicle while crossing the street.

23. The April 28 incident required Plaintiff to utilize FMLA leave through approximately July 2, 2020.

24. On Plaintiff's first day back at work following his 2020 medical leave, Ms. Lovett expressed her belief that Plaintiff was, "milking the system," in reference to his FMLA leave.

25. Plaintiff began utilizing a standing desk in the workplace upon his return.

26. Ms. Lovett and other members of management were aware that Plaintiff was suffering from disabling conditions that impacted his major life activities such as sitting.

27. At this time Plaintiff became aware that Defendant conducted a staff survey about Plaintiff's performance during his medical absence, between May 15 and June 15, 2020.

28. Upon information and belief, Ms. Lovett insisted that Plaintiff's subordinates respond to the survey despite their initial non-participation.

29. Ms. Lovett improperly informed Plaintiff that he had more negative than positive responses regarding employee satisfaction with his quality of work.

30. Ms. Lovett improperly considered 'Neutral' responses to be negative.

31. Upon information and belief, other employees who received survey

feedback did not have 'Neutral' responses considered as negative marks.

32. In July 2020, Ms. Lovett informed Plaintiff that he was transitioning from the role of DOC to Strategic Operations Coordinator ("SOC"), despite Plaintiff's rejection of such a proposal.

33. Based on increased stressors in the workplace, including Ms. Lovett's comments and changes to Plaintiff's position, Plaintiff's medical providers indicated that his accident recovery was being slowed.

34. Plaintiff's medical providers recommended that Plaintiff take some time off of work to focus on his health.

35. Plaintiff took FMLA leave from August 5, 2020, until approximately September 8, 2020.

36. In September 2020, Plaintiff applied for a promotional opportunity with Defendant.

37. Plaintiff interviewed for the promotion with Ms. Lovett.

38. Plaintiff was informed that his interview was just a formality and that he was not being genuinely considered for the promotion.

39. In late September 2020, Plaintiff filed a complaint with Human Resources ("HR"), alleging disability- and race-based discrimination and retaliation for his medical leaves based on Ms. Lovett's actions since late 2019.

40. Plaintiff expressed that he was being subjected to a hostile work environment.

41. Within two weeks of his complaint to HR, Plaintiff was terminated on October 16, 2020, as part of an alleged reduction in force.

42. Upon information and belief, only Plaintiff was subjected to the reduction in force.

43. On or about January 22, 2021, Plaintiff filed a claim with the EEOC, Charge Number 410-2021-00517.

44. Plaintiff received his Dismissal and Notice of Rights from the EEOC, dated July 31, 2022. *Dismissal and Notice of Rights*, Ex. 1.

## IV. CLAIMS FOR RELIEF

## COUNT I: FMLA RETALIATION

45. Plaintiff incorporates by reference all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

46. Plaintiff engaged in protected activity under the FMLA when he required medical leave in excess of three (3) days following a car accident in April 2019. *Paras. 18-19.*

47. Plaintiff engaged in protected activity under the FMLA when he required medical leave in excess of three (3) days following an injury in January 2020.

*Paras. 22-23.*

48. Plaintiff engaged in protected activity under the FMLA when he required medical leave in excess of three (3) days following exacerbated injuries in April 2020. *Paras. 33-35.*

49. When Plaintiff returned from his medical leaves, he was presented with unwarranted inquiries about his ability to work efficiently despite receiving clearance from his medical provider. *Paras. 20, 24.*

50. Plaintiff was subjected to comments surrounding his use of leave. *Paras. 20, 24.*

51. Plaintiff engaged in protected activity under the FMLA when he reported perceived FMLA retaliation in September 2020. *Paras. 39-40.*

52. Plaintiff suffered the adverse action of termination on October 16, 2020. *Paras. 41-42.*

53. The circumstances of these adverse actions raise an inference of retaliation. *Paras. 18-42.*

54. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

## COUNT II: ADA DISCRIMINATION

55. Plaintiff incorporates by reference all paragraphs and allegations set forth in

this Complaint as though fully and completely set forth herein.

56. Plaintiff is a qualified individual with a disability or, alternatively, perceived as disabled. *Paras. 14-20, 24.*

57. Defendant was aware of Plaintiff's disability or, alternatively, perceived Plaintiff as disabled. *Paras. 25-26.*

58. Plaintiff requested accommodations (i.e. medical leave, using a standing desk) pursuant to the ADA based on his disabling conditions. *Paras. 18-19, 22-23, 25-26, 33-35.*

59. Following his medical leave, Plaintiff was subjected to harassing comments regarding his use of FMLA. *Paras. 20, 24.*

60. Following his medical leave, Plaintiff was not selected for a promotional opportunity. *Paras. 36-38.*

61. Plaintiff suffered the adverse action of termination on October 16, 2020. *Paras. 41-42.*

62. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

## **COUNT III: ADA RETALIATION**

63. Plaintiff incorporates by reference all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

64. Plaintiff's continued requests for accommodations (i.e. medical leave, using a standing desk) constitute protected activities pursuant to the ADA. *Paras. 18-19, 22-23, 25-26, 33-35.*

65. Defendant had knowledge of Plaintiff's protected activities. *Paras. 18-19, 22-23, 25-26, 33-35.*

66. Following his medical leave, Plaintiff was not selected for a promotional opportunity in September 2020. *Paras. 36-38.*

67. Plaintiff's complaint to Human Resources following his non-selection constitutes a protected activity pursuant to the ADA. *Paras. 39-40.*

68. Plaintiff suffered the adverse action of termination on October 16, 2020. *Paras. 41-42.*

69. The close temporal proximity of the protected activities and adverse actions demonstrates causation. *Paras. 18-42.*

70. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

## COUNT IV: TITLE VII DISCRIMINATION

71. Plaintiff incorporates by reference all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

72. Plaintiff is a member of a protected class by virtue of his race. *Para. 13.*

73. Defendant was aware of Plaintiff's protected class. *Paras. 13-14.*

74. Plaintiff was qualified for the position at issue. *Paras. 14-17.*

75. Following his medical leave, Plaintiff was not selected for a promotional opportunity. *Paras. 36-38.*

76. The treatment of similarly situated non-African American employees (namely conducting legitimate interviews rather than only as a formality) provides evidence of discriminatory animus. *Paras. 36-38.*

77. Plaintiff suffered the adverse action of termination on October 16, 2020. *Paras. 41-42.*

78. The treatment of similarly situated non-African American employees, who were not subjected to a purported reduction in force, provides evidence of discriminatory animus. *Paras. 41-42.*

79. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

## COUNT V: TITLE VII RETALIATION

80. Plaintiff incorporates by reference all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

81. Following his medical leave, Plaintiff was not selected for a promotional opportunity in September 2020. *Paras. 36-38.*

82. Plaintiff's complaint to Human Resources following his non-selection constitutes a protected activity pursuant to Title VII. *Paras. 39-40.*

83. Defendant had knowledge of Plaintiff's protected activities. *Paras. 39-40.*

84. Plaintiff suffered the adverse action of termination on October 16, 2020. *Paras. 41-42.*

85. The close temporal proximity of the protected activities and adverse actions demonstrates causation. *Paras. 38-42.*

86. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;
b. That judgment be entered against Defendant on all claims;
c. Actual and compensatory damages;
d. Punitive and liquidated damages based on Defendant's willful, malicious, intentional, and deliberate acts;
e. Reasonable attorney fees and expenses of litigation;
f. Prejudgment interest at the rate allowed by law;
g. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;
h. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and
i. Any other relief this Court deems proper and just.

Respectfully submitted this 14th day of October, 2022.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Rachel B. Canfield
Rachel B. Canfield
Georgia Bar No. 488716
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 14th day of October, 2022.

                      THE KIRBY G. SMITH LAW FIRM, LLC

                      s/Rachel B. Canfield
                      Rachel B. Canfield
                      Georgia Bar No. 488716
                      Kirby G. Smith
                      Georgia Bar No. 250119
                      *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com